UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WYNEMA FREEMAN, individually and as Personal Representative of the ESTATE OF BILL FREEMAN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-CV-31-TCK-PJC |
| THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Dismiss and Remand Action (Doc. 12) and the Defendant's Motion to Transfer Case to Eastern District of Oklahoma (Doc. 15). Plaintiff brought this action in the District Court of Wagoner County, Oklahoma on February 5, 2009. She alleged breach of insurance contract and bad faith based upon Defendant's denial of a claim for accidental death benefits after her grandson was killed in a motorcycle collision in Tulsa County, Oklahoma. For purposes of federal jurisdiction, Wagoner County is in the Eastern District of Oklahoma; Tulsa County is in the Northern District of Oklahoma.

On January 29, 2010, Defendant removed this action to this Court, the United States District Court for the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1441. On February 9, 2010, Plaintiff filed the instant motion to dismiss and remand action, alleging that the Court lacks subject matter jurisdiction because the cause of action arose in Wagoner County. Defendant responded, admitting that the action should have been removed to the Eastern District of Oklahoma, and moved to transfer the action there based upon 28 U.S.C. § 1406(a), which provides:

1

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*Id.*

As set forth by Defendant, the removal of a case to an incorrect division or district under 28 U.S.C. §1446(a) is not a jurisdictional defect, but a procedural one. *See, e.g., Kirk Family Revocable Trust v. Flint Ridge Property Owners Ass'n*, No. 08-CV-68-TCK-FHM, 2008 WL 806029 (N.D. Okla. Nov. 20, 2008). This type of procedural defect can be cured by transfer to the correct district under 28 U.S.C. § 1406(a). *See id.*, at *4. It does not warrant remand, *see S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 n. 3 (5th Cir. 1996), or dismissal, *see Lloyd v. F.D.I.C.*, 22 F.3d 335, 338 (1st Cir. 1994), when it may be transferred instead. Remand would be a harsh remedy in this situation, as the one-year time limit of 28 U.S.C. § 1446(b) would preclude Defendant from removing after remand. Dismissal would be an inefficient remedy, as it would require Plaintiff to refile the lawsuit in Wagoner County and Defendant to refile a notice of removal in the Eastern District.

Plaintiff argues that transferring the matter, instead of dismissing or remanding it, would expand the Court's limited jurisdiction beyond the scope of the removal statute. She contends that the Court must dismiss or remand when Defendant has failed to meet is burden to prove federal jurisdiction, including compliance with the requirements of the removal statutes. Plaintiff bases these assertions, in part, on *Chidester v. Kaz, Inc.*, No. 08CV-776-TCK-PJC, 2009 WL 2588866 (N.D. Okla. 2009), where this Court ordered remand based on the removing party's failure to comply with federal time requirements for removal. *Id.* at *3-4. Yet, timeliness is not the issue here. Plaintiff attempts to distinguish the *Kirk Family* case, cited above, where the Court transferred the case after finding that the plaintiff waived objection to removal being filed in the wrong district by

failing to object within the 30-day time limit of 28 U.S.C. §1447(c). Plaintiff asserts that she objected and, therefore, the case is inapplicable.

The *Kirk Family* court did not address whether it would have dismissed or remanded the case had the plaintiffs' objection been timely. Instead, the Court concluded that it had no authority to excuse or toll the thirty-day requirements or to sua sponte remand the case based on the procedural defect when such remand would fall outside the thirty-day window. 2008 WL 5060209 at *3. The Court then proceeded to determine that it could, however, transfer the case under 28 U.S.C. § 1404(a). The Court noted that title 28, section 1404(a) of the United States Code was enacted "as a federal housekeeping measure, allowing easy change of venue within a unified federal system." *Id.* at *4 (quoting *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)). "In determining whether a transfer of venue is appropriate, a district court makes an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* (quoting *Chrysler Credit Corp.*, 928 F.2d at 1515 (quotation omitted)). The *Kirk Family* court then considered the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (quotation omitted).

Plaintiff states no basis for her objection to transfer other than the fact that Defendant failed to comply with the geographical component of 28 U.S.C. §1441(a). The relevant factors, to the extent they are applicable, weigh in favor of transfer to the Eastern District of Oklahoma. Plaintiff's

chosen forum was Wagoner County Court, and she seeks remand to that county. Wagoner County is located in the Eastern District of Oklahoma. Plaintiff resides in Wagoner County, although the Court is without details regarding other potential witnesses and proof. Plaintiff alleges, and apparently Defendant now agrees, that Wagoner County is the place where the cause of action arose, even though the accident giving rise to Plaintiff's claim for accidental death benefits occurred in Tulsa County.

The parties have presented no argument or evidence as to questions as to the enforceability of a judgment if one is obtained, any relative advantages and obstacles to a fair trial, difficulties that may arise from congested dockets, the possibility of the existence of questions arising in the area of conflict of laws, the advantage of having a local court determine questions of local law, or other considerations of a practical nature that make a trial easy, expeditious and economical, and the Court sees no benefit or detriment to one party or the other based on these factors. The motion to transfer venue to the Eastern District of Oklahoma should be granted; however, Defendant should bear the costs associated with the improper removal and motion to transfer.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss and Remand Action (Doc. 12) be DENIED and the Defendant's Motion to Transfer Case to Eastern District of Oklahoma (Doc. 15) be GRANTED. This case is hereby TRANSFERRED to the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404(a). Defendant must bear the costs incurred by both parties associated with the improper removal and motion to transfer.

**DATED** this 3rd day of June, 2010.

**TERENCE KERN**
**United States District Judge**